885 A.2d 952 (2005)
381 N.J. Super. 298
FIRST MONTCLAIR PARTNER, L.P., Plaintiff-Appellant,
v.
HEROD REDEVELOPMENT I, L.L.C., Montclair Planning Board and Montclair Parking Authority, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 2005.
Decided November 15, 2005.
*953 James V. Segreto argued the cause for appellant (Segreto Law Offices, attorneys; Mr. Segreto, of counsel and on the brief).
John C. Messina argued the cause for respondent Herod Redevelopment I, L.L.C. (Berkowitz, Lichtstien, Kuritsky, Giasulo & Gross, attorneys; Mr. Messina, on the brief).
Gregory Mascera argued the cause for respondent Montclair Planning Board (Bannon, Rawding, McDonald & Mascera, attorneys; Mr. Mascera, of counsel and on the brief).
William W. Northgrave argued the cause for respondent Montclair Parking Authority (McManimon & Scotland, attorneys; Mr. Northgrave, of counsel and on the brief).
Before Judges ALLEY, C.S. FISHER and YANNOTTI.
The opinion of the court was delivered by
FISHER, J.A.D.
In this appeal, we consider and reject, among other things, a contention that the planning board was governed by a local zoning ordinance in considering a proposed redevelopment project.
The Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -73, authorizes municipal governing bodies to implement redevelopment plans in order to improve blighted areas. This purpose has long been recognized as "a modern part of municipal government." Levin v. Tp. Committee of Bridgewater, 57 N.J. 506, 540, 274 A.2d 1 (1971); see also Wilson v. Long Branch, 27 N.J. 360, 142 A.2d 837, cert. denied, 358 U.S. 873, 79 S.Ct. 113, 3 L. Ed.2d 104 (1958); Concerned Citizens of Princeton, Inc. v. Bor. of Princeton, 370 N.J.Super. 429, 452, 851 A.2d 685 (App. Div.2004). The LRHL intended that this goal of fostering community redevelopment could be accomplished by the simplification of procedures and the elimination of the obstacles created by the complex of pre-existing local regulations. N.J.S.A. 40A:12A-2.
On September 21, and November 11, 1999, the Council of the Township of Montclair authorized the Montclair Planning Board to conduct a preliminary investigation, pursuant to N.J.S.A. 40A:12A-6, in order to determine whether certain land within the Township needed to be redeveloped. As required by the LRHL, the council adopted a resolution directing the planning board to prepare a redevelopment plan, while retaining the power to adopt or make any necessary changes to the plan. After completion of preliminary investigations and a public hearing, the council passed an ordinance on August 19, 2003 that included the Hahnes property, here at issue, within the redevelopment plan.
*954 On November 12, 2003, defendant Herod Development I (Herod) filed a site plan application and a request for variances for a redevelopment project on the Hahnes property. The planning board conducted a thorough hearing over the course of three days and, at its conclusion, approved the application by adopting a resolution on January 12, 2004.
Forty-five days later, plaintiff First Montclair Partner, L.P. (plaintiff) filed a complaint in lieu of prerogative writs that challenged the planning board's resolution. The complaint named the planning board, the Montclair Parking Authority, and Herod as defendants. After hearing argument on four different occasions, the judge dismissed the complaint.
Plaintiff appealed, chiefly arguing either that the height of the building was not fully appreciated during the planning board hearing or, more importantly, that the proposed structure exceeded the redevelopment plan's height requirements. We reject these contentions.
As to this first point, the trial judge correctly determined that the planning board well understood that the proposed structure consisted of one story below grade (to address parking concerns) and seven above. We need not discuss the minutiae of the lengthy record created by the board to demonstrate there was ample evidence that accurately reflected this fact, and we conclude that the trial judge correctly resolved this issue. Of greater importance is the second point, which raises the legal question of whether the redevelopment plan is governed by or should be interpreted through resort to the local zoning ordinances.
Defendants argue that the application conforms to the redevelopment plan's height restriction of seven stories because what plaintiff claims is the eighth story is below grade. Plaintiff argues that the below grade level should count as a "story" because local zoning ordinance 347-2 so indicates. That ordinance, we are told,[1] states:
Where the maximum height is specified by number of stories and by feet, buildings shall comply with both of these height limits. Where parking is contained either within or underneath a building, parking levels even if below grade shall be counted as stories for the purposes of determining maximum building height.

[Emphasis added.]
In other words, since the proposed structure consists of seven stories above ground and a below ground parking facility, plaintiff contends that the application should have been denied because the structure is of greater height than permitted by the redevelopment plan, and also that, while the redevelopment plan does not define what constitutes a story, in this vacuum the plan should be construed by reference to 347-2.
Plaintiff further argues that the local zoning ordinance should be given greater weight than the redevelopment plan, whereas defendants argue that the redevelopment plan takes precedence. While N.J.S.A. 40A:12A-7(c) appears to support defendants' view,[2] and N.J.S.A. *955 40A:12A-13, upon which plaintiff relies, has a more limited application,[3] we are not required to deal with these broad generalities because the matter presented actually raises a more narrow question. That is, we need not resolve whether the authority of the redevelopment plan overrides the authority of the township's local ordinances, but need only determine whether the redevelopment plan's mandate that such structures not exceed seven stories was intended to include a story that is below grade. In that sense, what a local ordinance might suggest as the meaning of "story" in this context, like a dictionary definition, may illumine an understanding of the redevelopment plan's intent, but it does not control.
So viewing what has been presented, we discern from the planning board's ruling that it did not view the subterranean floor as a "story." That finding is entitled to our deference. Our courts recognize that municipal bodies are composed of local citizens who are far more familiar with the municipality's characteristics and interests and therefore uniquely equipped to resolve such controversies. Ward v. Scott, 16 N.J. 16, 23, 105 A.2d 851 (1954); Charlie Brown of Chatham v. Chatham Bd. of Adj., 202 N.J.Super. 312, 321, 495 A.2d 119 (App.Div.1985). Consequently, courts will not upset such decisions unless they are arbitrary, unreasonable or capricious. Chirichello v. Zoning Bd. of Monmouth Beach, 78 N.J. 544, 559-60, 397 A.2d 646 (1979).
Since we are satisfied that the planning board's consideration of the height of the proposed structure comported with a reasonable construction of the redevelopment plan's terms and regulations  even though the board's conclusion is arguably inconsistent with the manner in which the word "story" has been defined elsewhere  we will not intercede. In construing the meaning and scope of the redevelopment plan, the planning board was entitled to adopt a contrary view of what constitutes a "story" than that expressed in other local regulations.
Plaintiff has raised other issues. After carefully reviewing these arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] Plaintiff failed to include a copy of this ordinance in its appendix in violation of R. 2:6-1(a)(1)(I).
[2] N.J.S.A. 40A:12A-7(c)(emphasis added) states in part that "[t]he redevelopment plan shall describe its relationship to pertinent municipal development regulations as defined in the `Municipal Land Use Law.'... The redevelopment plan shall supersede applicable provisions of the development regulations of the municipality or constitute an overlay zoning district within the redevelopment area."
[3] N.J.S.A. 40A:12A-13(emphasis added) provides in part that all redevelopment applications "shall be submitted to the municipal planning board for its review and approval in accordance with the requirements for review and approval of subdivisions and site plans as set forth by ordinance as adopted pursuant to the Municipal Land Use Law." We conclude that this provision was not intended to require consideration of local zoning ordinances in all redevelopment applications, but merely references that the appropriate body should apply the existing procedural regulations in considering a redevelopment application.